UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK SPOTZ,<br><br>     Plaintiff,<br><br>  v.<br><br>JOHN E. WETZEL, et al.,<br><br>     Defendants. | CIVIL ACTION NO. 1:21-CV-01799<br><br>(CONNER, J.)<br>(MEHALCHICK, M.J.) |

**ORDER**

*Pro se* Plaintiff Mark Spotz ("Spotz"), an inmate at the State Correctional Institution at Phoenix, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a complaint on October 21, 2021, alleging violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and his rights under the Eighth and Fourteenth Amendments. (Doc. 1). On August 3, 2022, the Court lifted the stay of litigation and consolidated the above-captioned case into *Lopez v. Wetzel*, No. 3:21-CV-01819, pursuant to Federal Rule of Civil Procedure 42(a), for pretrial and discovery purposes only. (Doc. 35). Presently before the Court is Spotz's motion for leave to file an amended complaint filed on December 15, 2022. (Doc. 38). For the following reasons, Spotz's motion will be granted.

**I. DISCUSSION**

Motions to amend are governed by Rule 15 of the Federal Rules of Civil procedure, which provides as follows:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

As the text of this rule implies, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. *See e.g., Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263 (3d Cir. 2008); *Cureton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15. Thus, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Further:

> The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938–39 (3d Cir. 1984). It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently.

*Arthur*, 434 F.3d at 206.

"Among the grounds that could justify a denial of leave to amend are . . ., bad faith, dilatory motive, prejudice, and futility. 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993)) (some quotations omitted). Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where

2

the plaintiff was put on notice as to the deficiencies in his complaint but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998)).

Moreover, in undertaking this analysis of a motion for leave to amend a complaint "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz*, 1 F.3d at 1414 (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). However, "[i]n the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414. Further, while the burdens of additional discovery are relevant to consideration of whether a proposed amendment results in substantial or undue prejudice, oftentimes, "[g]iven the liberal view towards amendment pleadings embodied in Rule 15, re-opening discovery, rather than forecasting claims, . . . would seem to be the preferable course for addressing these claims of potential prejudice." *New Prime, Inc. v. Arguetadon Balchune Constr. Co.*, No. 3:14-CV-2410, 2016 WL 3742872, at *4 (M.D. Pa. July 13, 2016).

In this case, Spotz's proposed amended complaint seeks to add factual allegations against Defendants and expand upon the causes of action set forth in the original complaint. (Doc. 38-1). Defendants have returned executed summons, but no answer to the complaint has been filed as of the date of this Order. (Doc. 9; Doc. 10). Upon consideration of the proposed amended complaint, the Court concludes that Defendants would not be unfairly prejudiced by the addition of factual allegation. While the Court acknowledges that "prejudice to the non-moving party is the touchstone for the denial of an amendment," *Lorenz*,

1 F.3d at 1414, the Court also concedes that "[g]iven the liberal view towards amendment pleadings embodied in Rule 15, re-opening discovery, rather than forecasting claims, . . . would seem to be the preferable course for addressing these claims of potential prejudice." *New Prime, Inc.*, 2016 WL 3742872, at *4. In the instant case, all of the allegations in Spotz's original complaint and the proposed amended complaint stem out of the same nucleus of operative facts—his conditions of confinement in solitary confinement. (Doc. 1; Doc. 38-1). Accordingly, in the exercise of the Court's discretion, the motion to amend is **GRANTED**. (Doc. 38).

**AND NOW**, this 20th day of March, 2023, **IT IS HEREBY ORDERED** that:

1. Spotz's motion to amend (Doc. 38) is **GRANTED**.

2. The Clerk of Court is directed to refile the proposed amended complaint (Doc. 38-1) as a separate entry on the docket.

3. The amended complaint is **DEEMED** filed.

4. In accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is directed to **SERVE** a copy of the amended complaint (Doc. 38-1), notice of lawsuit and request to waive service of summons (form AO 398), waiver of the service of summons (form AO 399) and this Order on the named Defendant(s). In the interests of efficient administrative judicial economy, the Court requests that the Defendants waive service pursuant to Federal Rule of Civil Procedure 4(d).

If service is unable to be completed due to Spotz's failure to properly name the Defendant(s), or provide an accurate mailing address, Spotz will be required to correct this deficiency. Failure to comply may result in the dismissal of Spotz's claims against the Defendant(s) pursuant to Federal Rule of Civil Procedure 4(m).

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**