IN THE UNITED STATE DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

MAR 24 2023

PER ___SH___
DEPUTY CLERK

| | | |
|---|---|---|
| Mark Spotz, | : | |
| PLAINTIFF | : | |
| | : | |
| v. | : | No. 21-cv-01799 |
| | : | §1983 Civil Rights Action |
| John Wetzel et al, | : | (Conner, J.) |
| Defendants | : | (Mehalchick, M.J.) |

## MOTION TO APPOINT COUNSEL

Plaintiff MARK SPOTZ moves this Honorable Court to APPOINT COUNSEL to represent him under 28 U.S.C. §1915. In support, Plaintiff aver as follows:

1. Plaintiff is unable to afford counsel and has been granted leave to proceed in forma pauperis.

2. This case involves factual complexities involving proper understanding and interpretation of law, legal standards and constitutional application which will require a trial involving conflicting testimony and the need to assess credibility of witness testimony, expert medical witnesses, complex argumentation, travel to depose witnesses, etc. Plaintiff will NOT be permitted nor able to do those things, which supports the appointment of counsel. Montgomery v. Pinchak 294 F.3d 492, 503-504 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997).

3. Plaintiff is mentally ill and disabled, and is unable to proceed without counsel. In support of this he offers:

a) Plaintiff suffers from serious mental illness recognized as a disability under Title 42 Chapter 126 - Americans with Disabilities Act of 1990, as amended by the U.S. Congress in 2009, Section

12102)1)(A),(B),(C) definition of disability under the ADA to include: concentrating, thinking, communicating, and major bodily functions to include matters of the brain; (4)(A),(E)(i) and (iv) regarding the definition of disability; that "the determination if whether an impairment substantially limits a major life activity shall be made WITHOUT regard to ameliorative effects of mitigating measures such as medication ... or learned behavioral or adaptive neurological modification."

b) Plaintiff carries a diagnosis of: Bipolar Disorder, Chronic Severe Post-Traumatic Stress Disorder with dissociative symptoms, Mixed Personality Disorder with Borderline, Antisocial and Schizotypal features; Schizotypal Disorder; Borderline Personality Disorder.

c) The symptomatology of these disabilities are: "serious impairment in societal functioning," "affects and undermines cognitions," "impairment is inflexible and pervasive, with clinically significant impairment in social and occupational functioning," "cognitive and perceptual distortions with paranoid ideation," "mental and emotional deficits are extremely serious and debilitating," "extreme mental and emotional disturbances that significantly impairs judgment, impulse control, mood and affect," "produces stress and impairment in social and personal contexts," "stress-related paranoid ideation and severe dissociative symptoms," "time distortion," "extremely serious and debilitating," "sufficient intellectual capacity to understand legal proceedings **BUT** thought processes undermine ability to rationally consider options etc.," "intellectual capacity to understand and participate in legal process, **HOWEVER**, combination of mental/emotional disorders/illnesses substantially effect capacity to rationally appreciate and make rational choices with regard to legal processes," "vulnerability to psychotic decompensation."
* The above quotations are take directly from Plaintiff's mental health records, made by Psychologist Stephen A. Ragusea, Psy.D., ABPP; Forensic Psychologist Dr. Neil Blumberg, M.D.; Psychiatrist

Dr. Robert A. Fox, M.D.; Psychologist Richard J. Gelles, Ph.D. Their reports have previously been submitted to this Court with filing date 12/27/21; also in possession of the Defendants.

From Plaintiff's D.O.C. mental health file, January 29, 1996, then Chief Psychologist at SCI Camp Hill made a referral for psychiatric treatment based upon "worsening symptoms of auditory and visual hallucinations and depression." The subsequent psychiatric notation of Pa. D.O.C. Psychiatrist Dr. Fredrich Maue was "experiencing flashbacks, nightmares, and dissociative symptoms."

d) Consistent with the above mental health disabilities/symptomatology, various things are "triggers" which greatly magnify impairment and substantially limit Plaintiff's ability to function and perform major life activities. Some such triggers are: high-level stress situations such as engaging in legal undertakings, addressing matters of oppression, abuse, persecuations, injustice, etc. Plaintiff's life experience, having lived with his disability since childhood, has shown that its symptomatology will be triggered during this litigation and will render him unable to understand/utilize the law and its procedure competently and effectively, make rational decisions etc. When said symptomatology takes over, Plaintiff experiences extremely severe and debilitating interruptions in thought processes, including irrational logic, cognitive and perceptual distortions, impaired judgment, and dissociative periods resulting in total inability to function in any competent manner.

4. While Plaintiff is literate, the ability to read and write does not a lawyer make. What is of immediate consequence is Plaintiff's disability which prevents him from executing the tasks and employing the skills of litigation required to advance his claims successfully and to completion. Literacy is not the only consideration for this Court under Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). At stake in this case is redressing nearly 30 YEARS OF TORTURE IN SOLITARY CONFINEMENT at the hands of the Defendants despite their knowledge that he was afflicted with serious mental illness and because of their

deliberate indifference.

5. Securing expert witnesses such as those quoted above, and Dr. Craig Haney who will be travelling from California, can only be done by counsel. Plaintiff is unable to contact, pursue, meet with, negotiate payment etc. with said experts; counsel has the ability and the know how to accomplish this important task.

6. Plaintiff has attempted to secure counsel on his own, including Bret Grote of the Abolitionist Law Center; Susan M. Lin of Kairys, Rudovsky, Messing, Feinberg & Lin; Witold Walczak of the ACLU-Pgh.; Matthew Feldman of the Pennsylvania Institutional Law Project - Philadelphia; Samuel Weiss of Rights Behind Bars - Wash. D.C.. With this Court's request perhaps one of them would be inclined to help.

7. Of paramount importance is the fact that the instant case poses some serious risk to plaintiff's ongoing criminal habeas corpus cases pending before this very Court. The Defendants have made it clear that their Discovery will focus in some part upon those very cases and matters of privilege attached thereto, placing Plaintiff in risk of extreme peril where the ultimate punishment of DEATH is at stake. Plaintiff is ill-equipped to navigate the discovery process without doing violence to his Habeas Corpus pursuits. Appointment of counsel would eliminate this problem while at the same time protecting his rights on Habeas.

WHEREFORE, Plaintiff humbly asks this Honorable Court to:
(1) Find that Plaintiff has satisfied the Tabron factors;
(2) Find that Plaintiff's mental disability constitutes "special circumstances" warranting appointment of counsel under Fennell v. Wetzel 2017 U.S. Dist. LEXIS 10372;
(3) Find that denying appointment of counsel will result in "the likelihood substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the Court in a complex and meritorious case" Smith-Bey v. Petsock, 741 F.2d 22 (3d Cir. 1984);

(4) Use its discretion to "request and attorney to represent [Plaintiff] who is unable to afford counsel" 28 U.S.C. §1915(e)(1) Parnham, supra;

(5) **GRANT** Plaintiff's Motion for Appointment of Counsel.

Respectfully Submitted,

*Mark Spotz*

Mark Spotz #DA4586
SCI Phoenix
1200 Mokychic Dr.
Collegeville, Pa.
19426

March 19, 2023

MARK SPOTZ #DA9586
SCI PHOENIX
1200 MOKYCHIC DR.
COLLEGEVILLE, PA.
19426



ATTN: CLERK OF COURT
MIDDLE DIST. CT. OF PA.
228 WALNUT ST.
HARRISBURG, PA.
17101-1714

RECEIVED
HARRISBURG, PA
MAR 24 2023
PER ____SH____
DEPUTY CLERK

LEGAL MAIL — PRIVILEGED