IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SPOTZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:21-cv-01799 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Procedural History

Plaintiff, an individual presently sentenced to death and incarcerated by the Commonwealth of Pennsylvania, Department of Corrections at the State Correctional Institution at Phoenix ("SCI-Phoenix") filed a complaint pursuant to 42 U.S.C. § 1983 on October 21, 2021[1]. See Doc. 1. Named as Defendants are former-Secretary of Corrections John Wetzel, and the Pennsylvania Department of Corrections. Id. Plaintiff has raised claims under the Eighth Amendment, Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. Id. Plaintiff is seeking nominal, compensatory, and punitive damages. Id. On March 24, 2023, Plaintiff filed a Motion to Appoint Counsel. See. Doc. 42.

---

[1] An Amended Complaint was filed on March 20, 2023, and Defendants filed waivers on April 4, 2023. See. Docs. 40 and 43.

1

A nearly identical case has been filed in the matter of <u>Lopez et al., v. Wetzel et al.</u> at 3:21-cv-01819, which is before the same jurists. On August 29, 2022, Plaintiffs' in that matter filed a Motion for Appointment of Counsel. <u>See</u>. Doc. 63. On March 13, 2023, Magisterial Judge Mehalchick denied the appointment of counsel by Report and Recommendation. <u>See</u>. Doc. 121. The Report and Recommendation was adopted by Judge Connor on March 31, 2023. <u>See</u>. Doc. 128.

Statement of Question Presented

1.     Should Plaintiff's Motion for Appointment of Counsel be denied?

Suggested Answer: Yes

Argument

1.     *Plaintiff's Motion for Appointment of Counsel should be denied.*

Appointment of Counsel

Preliminarily, it is undisputed that Plaintiff has no constitutional right to counsel in a civil action. No one would dispute that this particular Plaintiff, as well as the other capital case inmates, are no strangers to litigation. Plaintiff, along with other capital case inmates, have amassed a vast stable of attorneys, spread across various prison activist groups, national civil rights organizations, and multi-national private law firms. The fact that this Plaintiff – and the other individual plaintiffs litigating identical cases in all districts of the Commonwealth – had no option but to file pro se is significant. In fact, Plaintiff stated in his motion that he as attempted to secure counsel on his own, but he needs the court's help in securing one of the listed attorneys to help with the case. See. Doc. 42, ¶6.  Plaintiff is asking this Court to put appointed counsel in a position none of the attorneys most familiar with his cases voluntarily accepted.

The Third Circuit Court of Appeals has developed a list of criteria to aid district courts in the appointment of counsel for indigent civil litigants. See, Montgomery v. Pinchak, 294 F.3d 492, 498 (3dCir. 2002), Tabron v. Grace, 6 F.3d

147 (3dCir. 1993). "As a threshold matter, a district court must assess whether a claimant's case has some arguable merit in fact and law," and if the claimant overcome this hurdle, the court should look at a number of factors when assessing a claimant's request for counsel. Id., see also, Tabron, 6 F.3d at 155, Parham v. Johnson, 126 F.3d 454, 457 (3dCir. 1997). The Third Circuit has "cautioned that the courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id.

At this early juncture Plaintiff cannot establish that this case has "arguable merit." Indeed, Third Circuit precedent suggests the absence of merit, given previous applications of qualified immunity. The appointment of counsel in this matter – if ever appropriate – is currently premature.

Furthermore, Plaintiff's Motion is raising arguments similar for the appointment of counsel as the Plaintiffs did in Lopez. This Court in Lopez, after analysis of the Tabron, factors found that Plaintiffs were not entitled to appointed counsel at this time. See, Lopez et al. v. Wetzel et al., 21-cv-1819, Doc. 121. Accordingly, this Court should find that Plaintiff is not entitled to counsel at this juncture for the same reasons.

Plaintiff has raised an additional argument regarding the appointment of counsel that is unique as it relates to his current criminal status. Plaintiff is arguing he should be appointed counsel at this time because the "instant case poses some serious risk to plaintiff's ongoing criminal habeas corpus cases pending before this very Court. The Defendants has made it very clear that their Discovery will focus

in some part upon those very cases and matters of privilege attached thereto, placing Plaintiff at risk of extreme peril where the ultimate punishment is DEATH is at stake." <u>See</u>. Doc. 42, ¶ 7.

Plaintiff, by filing the instant lawsuit, has put the cases he was convicted of, as well as his mental health, at issue of the case. Plaintiff's mental health, and the allegations of deterioration caused or exasperated by the conditions of confinement, is central to this matter. Plaintiff cannot "hide behind a claim of privilege when that condition is placed directly at issue." *Osagie v. Borough of State College*, 586 F.Supp.3d 314 (M.D. Pa. February 22, 2022). The fact Plaintiff has pending matters in his criminal case does not hinder Plaintiff's ability to present his own case, change the difficulty of the pending legal issues, or prevent Plaintiff from pursuing an investigation. <u>Tabron</u>, 6 F.3d at 155-57. In fact, Plaintiff has served Defendants with discovery requests in the nature of Interrogatories and Production of Documents. Therefore, Plaintiff's request for counsel should be denied.

Conclusion

Defendants respectfully request that the Court deny Plaintiff's Motion for Appointment of Counsel.

Respectfully submitted,

Office of General Counsel


*Kim Adams*

_____
Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date:  April 26, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SPOTZ, et al., | : | Honorable Christopher C. Connor |
| | : | Honorable MJ Karoline Mehalchick |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:21-cv-01799 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing filing was served upon Mark Spotz (DA4586) at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733.

*Kim Adams*

_____
Kim Adams

Date: April 26, 2023