FILED
HARRISBURG, PA
OCT 24 2023
PER _____
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark Spotz, | : | No. 21-cv-1799 |
| Plaintiffs, | : | (Bloom, M.J.) |
| v. | : | (Conner, D.J.) |
| John Wetzel et al., | : | |
| Defendants. | : | § 1983 Civil Action |

## Brief in Opposition to Motion to Dismiss

COMES NOW, the mentally disordered, indigent, pro se plaintiff, having failed in his attempt to secure counsel, to oppose the defendants' motion to dimiss.

First, the defendants argue that the plaintiff failed to exhaust his administrative remedies under the PLRA. But this argument fails to take into account that, according to Department policy, administrative remedies for his placement in solitary confinement were unavailable. *See* DC-ADM 802 § 2(D)(11) ("All issues concerning the reason for an inmate's placement in [administrative custody] or the duration of his/her AC custody . . . may not be addressed through the procedures set forth in . . . DC-ADM 804 "Inmate Grievance System.") The policy requires the inmate to raise "any issue" about his administrative custody "during regularly scheduled PRC [program review committee] review." *Id.* As pleaded in the plaintiff's Amended complaint, the plaintiff was afforded no meaningful opportunity to challenge his placement (*e.g.*, at a PRC hearing). Am. Compl. at ¶¶ 25, 112.

Even so, the plaintiff did file and exhaust a number of grievances (e.g., 667940)

which, construed liberally, gave fair notice to the defendants and was sufficient to exhaust all his claims. Whether the plaintiff invoked the correct legal theories and bases for his claims in his prison-drawn grievances is not decisive. *See, e.g., Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We apply the relevant legal principle even when the complaint has failed to name it.").

To the extent the defendants argue that the plaintiff would have had to bring suit within 2 years of the exhaustion of any particular grievance, that argument wholly ignores the continuing violation doctrine. *See Cowell v. Palmer Twp.*, 263 F.3d 286 (3d Cir. 2001). (Similarly, that doctrine is ignored in the section of the defendants' brief in which they argue that the plaintiff would have had to bring his suit within two years of his becoming aware of the violations.)

Indeed, the violations at issue continued well past the beginning of the "inconsistently implemented" 2018 reforms, as thoroughly pleaded in the Amended Complaint, ¶¶ 62-70. These averments are entitled to the presumption of veracity at the motion-to-dismiss stage, and create a genuine dispute of material fact—a question most suited for the fact-finders at trial. Additional discovery on this issue is needed.

Lastly, this Court should deny the defendants' bid for qualified immunity, as it previously has in the consolidated case *Lopez et al. v. Wetzel*, #21-CV-1819, and as the Eastern District has in another near-identical case, *Busanet v. Wetzel*, 21-CV-4286. Both of these cases have survived motions to dismiss. This case should too.

**WHEREFORE**, the defendants' motion to dismiss should be denied.

Respectfully submitted,

_Mark Spotz_
**Mark Spotz**
SCI Phoenix, #DA4586
1200 Mokychic Drive
Collegeville, PA 19426

October 17, 2023
Date

**Certificate of Timely Filing**
I hereby certify under 28 U.S.C. § 1746, that I have filed this brief by means of placing it in the prison mail receptacle (postage prepaid) on or before the date indicated above; it is timely filed according to the *prison-mailbox rule.*

**Certificate of Service**
I hereby certify that I have served a copy of this motion on counsel for the defendants, via first-class U.S. Mail (prepaid), at the following address:
PADOC Office of General Counsel, 1920 Technology Parkway, Mechanicsburg, PA 17050

3

Smart Communications/PADOC

SCI- PHOENIX

Name MARK SPOTZ

Number DA4586

~~PO Box 33028~~ 1200 Mokychic Dr.

~~St Petersburg FL 33733~~ Collegeville, Pa. 19426

ATTN: CLERK OF COURT
US CRTHSE. - Mid Dis. of Pa.
228 Walnut St.
Hbg., Pa.
17101-1714

PA DEPARTMENT OF CORRECTIONS INMATE MAIL

neopost 10/18/2023 US POSTAGE $000.63

RECEIVED
HARRISBURG, PA
OCT 24 2023
PER_____
DEPUTY CLERK

LEGAL MAIL

1710131727 C008

LEGAL MAIL