IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SPOTZ | : | Honorable Karoline Mehalchick |
| | : | Honorable MJ Daryl F. Bloom |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:21-cv-01799 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION

Introduction

Exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997(e) is mandatory, and "courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." *See* 42 U.S.C. § 1997(e), *Ross v. Blake*, 578 U.S. 632, 648 (2016), *Porter v. Nussle*, 534 U.S. 516 (2002). Unexhausted claims may not be considered by the Court. *See Jones v. Bock*, 549 U.S. 199 (2007).

Claims brought under Section 1983 and Title II of the Americans with Disabilities Act (ADA) are subject to a two-year statute of limitations, as neither Section 1983 nor the ADA contains a statute of limitations; as such, federal courts must look to the statute of limitations governing analogous state causes of actions, which in Pennsylvania is two years. *See Urritia v. Harrisburg County Police*

*Department*, 91 F.3d 451, 457 n.9 (3dCir.1996), *see Owens v. Okure*, 488 U.S. 235, 249-250 (1989), *Wilson v. Garcia*, 471 U.S. 261, 276-280; *see Hall v. Minner*, 411 Fed. App'x 443, 445 (3d.Cir.2011); *Getchey v. County of Northumberland*, 120 Fed. Appx. 895-897-98 (3dCir.2005); 42 Pa.C.S. § 5524.

This Court found that Plaintiff properly exhausted his administrative remedies under grievance number 667940, which was denied by the Department of Corrections ("Department") Secretary's Office of Inmate Grievances and Appeals ("SOIGA") on July 17, 2017 thus plaintiff would have had to file his lawsuit by July 17, 2019. *See* Docs. 55, Exhibit 7 and 62. However, Plaintiff did not file his lawsuit until October 21, 2021, over two years after the applicable statute of limitations had expired. *See* Docs. 1[1]. Grievance number 667940 cannot be used to establish Plaintiff exhausted his claims for a lawsuit filed in 2021.

## Procedural History

Plaintiff, an individual presently sentenced to death and incarcerated by the Commonwealth of Pennsylvania, Department of Corrections at the State Correctional Institution at Phoenix ("SCI-Phoenix") filed a complaint pursuant to 42 U.S.C. § 1983 on October 26, 2021. *See* Doc.401. Named as Defendants are former-

---

[1] An Amended Complaint was filed on March 20, 2023. *See* Doc. 40.

Secretary of Corrections John Wetzel and the Pennsylvania Department of Corrections. *Id*.

On May 19, 2024, Defendants filed a Motion to Dismiss, or in the alternative a Motion for Summary Judgement, raising issues of qualified immunity under the Eighth and Fourteenth Amendment, as well as exhaustion and statute of limitations. *See* Doc. 55. On February 1, 2024, the Court issued its Report and Recommendation. *See* Doc. 62. Defendants respectfully object to certain findings reached in the report and recommendation and ask that this Court reject those determinations and grant summary judgment.

Statement of Alleged Facts

Plaintiff has alleged he was held in solitary confinement under harsh conditions that include a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, lack of organized recreational activities, etc. *See* Doc. 40 at ¶¶29-36. Plaintiff contends he suffers from a variety of medical and mental health disorders and that in combination with the harsh conditions, caused him to experience significant physical pain and exasperated medical and mental issues. *Id*. at ¶¶ 97-101.

Plaintiff contends during the spring of 2018 and December of 2019, while housed at SCI-Greene, some changes were made to the Capital Case Unit (CCU), but that he still suffered from meaningful deprivations. *Id*. at ¶64. Plaintiff alleges

these changes could have theoretically led to a marginal improvement in his conditions of confinement, but that these changes were inconsistently implemented. *Id*. at ¶ 65. Plaintiff contends that the harsh conditions endured in solitary confinement until December 3, 2019, when the Department implemented a new policy that repositioned the environment of the CCU. *Id*. at ¶ 70.

Plaintiff made three discrete claims based upon his long-term confinement in the "CCU". First, Plaintiff alleged that his prolonged solitary confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. *Id*. at ¶¶ 102-108. Second, Plaintiff contends that his prolonged solitary confinement violated the Fourteenth Amendment. *Id.* at ¶¶ 109-114. Finally, Plaintiff contends his prolonged solitary confinement violated the American with Disabilities Act ("ADA") and the Rehabilitation Act. *Id.* at ¶¶ 115-128.

Objections to the Report and Recommendation

1. The report and recommendation incorrectly found Plaintiff exhausted his claims prior to filing his Complaint on October 21, 2021.

Standard of Review

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is

committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)).

Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

<u>Objections</u>

1. The report and recommendation incorrectly found Plaintiff exhausted his claims prior to filing his Complaint on October 21, 2021.

The Prison Litigation Reform Act (PLRA) provides, in pertinent part, as follows: "No action shall be brought with respect to prison conditions under section

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Application of this section is mandatory. *See*, *Porter v. Nussle*, 534 U.S. 516 (2002).

In *Ross v. Blake*, the United States Supreme Court reiterated the exhaustion requirement and rejected a special circumstances exception created by the courts *See, Ross v. Blake*, 136 S.Ct. 1850 (2016). Unexhausted claims may not be considered by the courts. *Jones, supra*.

Claims brought under Section 1983, Title II of the ADA and the RA are subject to a two-year statute of limitations. Because Section 1983 does not itself contain a statute of limitations, "federal courts must look to the statute of limitations governing analogous state causes of action." *Urritia v. Harrisburg County Police Department*, 91 F.3d 451, 457 n.9 (3d Cir. 1996); *see also Sameric Corp. of Delaware v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). In determining which state limitations period to use in federal civil rights cases, we look to the general, residual statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985).

The same is true for claims brought under Title II of the ADA and the RA. *See Hall v. Minner*, 411 Fed. App'x 443, 445 (3d Cir. 2011) ("The statute of limitations applicable to claims under Title II of the ADA…is the statute of

6

limitations for personal injury actions in the state in which the trial court sits."); *see North Star Steel Co. v. Thomas*, 515 U.S. 29, 33–34, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995); *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055 (8th Cir.2003) (noting that "most Courts of Appeal[s]…have applied the state statute of limitations for personal injury actions to claims under the Rehabilitation Act and the ADA"); *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409–10 (11th Cir.1998); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir.1996); *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir.1993); *Morse v. Univ. of Vermont*, 973 F.2d 122, 127 (2d Cir.1992); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir.1992); *cf. Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 223–25 (4th Cir.1993).

Thus, for Section 1983, ADA and RA claims originating in Pennsylvania, courts look to 42 Pa. C.S. § 5524, which provides that the statute of limitations for a personal injury action is two years. *See Getchey v. County of Northumberland*, 120 Fed. Appx. 895, 897-98, 2005 WL 22871 at *1-2 (3d Cir. 2005); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) (applying the Pennsylvania two-year statute of limitations to a claim alleging violation of plaintiff's federal civil rights); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989); *Knoll v. Springfield Township School District*, 763 F.2d 584 (3d Cir. 1985).

In the report and recommendation, the Magistrate Judge found Plaintiff properly exhausted his claims by filing grievance number 667940[2]. *See* Doc. 62. However, grievance number 667940 was filed and properly exhausted[3] under the Department's policy, DC-ADM-804, on July 17, 2017. *See* Doc. 55, Exhibit 7.

Defendants, in their brief in support for summary judgment, argued that if the Court should find that Plaintiff exhausted his Eighth Amendment claim based on grievance number 667940, under the applicable statute of limitations, Plaintiff would have had to file the lawsuit by September 17, 2019[4]. *See* Doc. 55; *Getchy*, *supra*. Since Plaintiff did not file his Complaint until October 21, 2021, he is outside the statute of limitations to bring the lawsuit. *Id.* Despite raising this issue in their motion for summary judgement, the Court failed to address this issue[5]. For the reasons set forth below, grievance number 667940 cannot be used to establish Plaintiff exhausted his claims prior to filing his Complaint on October 21, 2021.

---

[2] The Report and Recommendation does not explicitly state if Plaintiff exhausted his claims to the Eighth Amendment claims or the ADA claims, but Defendants raised exhaustion arguments for all claims raised by Plaintiff. *See* Docs. 55 and 62.

[3] In order to properly exhaust, prisoners must complete the administrative review process in accordance with the applicable procedural rules of the prison grievance process. See, Jones v. Bock, 549 U.S. 199 (2007).

[4] Upon review of Defendants' filing at Docket Number 55, there was a typo in the month. Defendants listed September, when it should have been July, as grievance number 667940 was decided by SOIGA on July 17, 2017.

[5] Defendants acknowledge the Magistrate Judge found the continuing violation doctrine applies in this matter and Plaintiff's filing of the suit in October of 2021 was within the applicable two-year statute of limitations. *See* Doc 62. However, this was in response to Defendants' argument that the statute of limitations expired in May of 2020 since changes to the CCU were made in May of 2018. *See* Docs. 55 and 62.

Defendants are not aware of any cases in the Circuit that apply the continuing violations doctrine to "excuse[ ] compliance with the PLRA exhaustion requirement", or rather "than 'excuse' compliance, the continuing violations doctrine uses the earlier grievance to encompass future claims, so as to 'satisfy' the PLRA's exhaustion requirement". *See Alexis v. Connors*, No. 18-2099, 2023 WL 4525959 at *7 (D.N.J. July 13, 2023)[6], *citing Whitenight v. Ebel*, No. 16-522 2019 WL 7284251 at *4 (W.D. Pa. Dec. 27, 2019); *see Obataiye v. Lanigan*, No. 14-5462 2019 WL 4272943, at *5 (D.N.J. Sept. 27, 2019)(noting that even if plaintiff "had filed earlier grievances, it is unclear that such grievances regarding claims that necessarily fell before statute-of-limitations cutoff could functions to exhaust administrative remedies as to subsequently accruing claims.").

Courts in this circuit "have shown a clear 'reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the [PLRA] requires'." *Id. quoting Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *Fonesca v. Berdanier*, No. 19-1427, 2021 WL 916202 at *3 (M.D. Pa. Mar. 10, 2021); *see also Downey v. PA Dep't of Corr.,* 968 F.3d 299, 305 (3dCir.2020)("Both the Supreme Court and this Court have rejected judge-made exceptions to the PLRA.").

As the District Court of New Jersey noted in *Alexis*,

---

[6] *Alexis v. Connors* was decided on July 13, 2023, two months after the filing of Defendants Motion to Dismiss, or in the alternative, Motion for Summary Judgment. *See* Doc. 55.

9

> "Some Courts of Appeal, however, have applied the continuing violations doctrine in the exhaustion context and held that where there is " 'one, continuing harm' or a single course of conduct (which can lead to discrete incidents of harm), filing repeat grievances is unnecessary." *See Morgan v. Trierweiler*, 67 F.4th 362, 369–70 (6th Cir. 2023) (quoting *Siggers v. Campbell*, 652 F.3d 681, 693 (6th Cir. 2011)); *Turley v. Rednour*, 729 F.3d 645, 649–50 (7th Cir. 2013); *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218–19 (11th Cir. 2010); *Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008); *Johnson v. Johnson*, 385 F.3d 503, 519–21 (5th Cir. 2004). In those cases, the Courts inquired as to whether the "the same condition of confinement" at issue in the prisoners' grievances had "continued." *Morgan*, 67 F.4th at 370 (quoting *Johnson*, 385 F.3d at 520). Under these cases, "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley*, 729 F.3d at 650 (citing *Parzyck*, 627 F.3d at 1219 (finding that the prisoner was "not required to initiate another round of the administrative grievance process on the exact same issue each time" a deprivation occurred))."

*Id.* at 8*.

The cases in which the continuing violations doctrine has been applied by other Courts of Appeals in the exhaustion context can be distinguished from Plaintiff's case. Namely, these cases were filed within the statute of limitations period of the exhausted grievance, not four and half years after the grievance was filed, which is outside Pennsylvania's two-year statute of limitations period, as was done in this Action.

In *Morgan*, the plaintiff filed his grievance on September 18, 2016, and his Complaint on December 18, 2018, which was within the three-year statute of

limitations period for Michigan. *Morgan* 67 F.4th at 364-65; *see Heard v. Strange*, 2023 WL 3988410 at * 3 (E.D. Mich. Mar. 1, 2023). In *Turley*, the plaintiff filed his grievance in February of 2009 and his lawsuit in October of 2010, which was within the two-year statute of limitations period for Illinois. *Turley*, 729 F.3d at 648-650. In *Johnson*, the plaintiff filed grievances on March 18, 2001, and December 30, 2001, and his lawsuit in April of 2002, which was within the two-year statute of limitations period for Texas. *Johnson*, 385 F.3d at 512-513, *see Wendell v. Asher*, 162 F.3d 887 at 892 (5thCir.1998). In *Parzyck*, the plaintiff filed his grievance in November of 2006 which was denied on March 13, 2007, and his Complaint on May 17, 2007, which was within the four-year statute of limitations period for Florida. *Parzyck* 627 F.3d at 1218; *see Howard v. Coonrod*, 546 F.Supp.3d 1121, 1130 (M.D. Fl. June 25, 2021). Finally, in *Howard*, the plaintiff's grievance process ended in February of 2006, and he filed his Complaint on February 8, 2006, which was within Colorado's two-year statute of limitations period. *Howard*, 534 F.3d at 1232-34, *see Pinson v. Pacheco*, 2011 WL 1755888 at * 4 (D.Col. Mar. 16, 2011).

The above cited cases appear to stand for the principle that if an inmate exhausted the "one, continuing harm" or a "single course of conduct" within the statute of limitations period, the inmate was not required to continually grieve the same issue every day, fifteen days, or month to exhaust his claim. *Morgan*, 67 F.4th at 369; *Johnson* 385 F.3d at 520-21. None of these cases address the implied finding

of the Magistrate Judge's Report and Recommendation, that once a grievance is properly exhausted, an inmate can disregard the two-year statute of limitations period and file a law suit at any time as long as there was a continuing violation. *See* Doc. 62.

Plaintiff fully exhausted his administrative remedies for grievance number 667940 on July 17, 2017, accordingly "[t]he two-year statute of limitations for this claim thus began to run on the date he exhausted those remedies", requiring his Complaint be filed by July of 2019[7]. *See* 42 Pa.C.S. § 5524, *Pearson v. Secretary Dept't of* Corrections 755 F.3d 598 (3dCir.2015); Bullock *v. Buck*, 611 Fed.Appx. 744, 746-47 (3d Cir.2015). Plaintiff did not file his Complaint until October 21, 2021, well outside the two-year statute of limitations, thus he is time-barred from bringing a civil action based on the conduct challenged in the grievance. *Bullock*, 611 Fed App. 746-47.

Since Plaintiff's claims from 2017 are time barred, he was required to properly exhaust his claims related to subsequent actions of the Defendants prior to filing the lawsuit on October 21, 2021, which he failed to do. Plaintiff did not properly exhaust any grievances related to the claims asserted in this action at any time after 2017.

---

[7] Plaintiff filed grievance number 798319, which briefly mentioned the ADA when Plaintiff was seeking a legal aid, but this grievance was fully exhausted on July 3, 2019. As argued in their brief in support by Defendants, this grievance did not allege specific violations under the ADA and RA. *See* Doc. 55.

The Department's administrative remedies were available to Plaintiff under DC-ADM 804, as he properly exhausted several complaints - none of which relate to the claims brought in this lawsuit after grievance number 667940. *See* Doc. 55, Exhibit 3. Compliance with Section 1997(e) is mandatory, and Plaintiff cannot use grievance number 667940 to encompass future claims, so as to 'satisfy' the PLRA's exhaustion requirement." *Alexis, supra.*

Conclusion

Defendants respectfully request that the Court reject the report and recommendation, grant the Defendants' motion, and dismiss Plaintiffs' claims under the Eighth Amendment, the American with Disabilities Act and the Rehabilitative Act with prejudice, and enter judgement in favor of the Defendants.

Respectfully submitted,

Office of General Counsel

*Kim Adams*
_____
Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date:   February 14, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SPOTZ | : | Honorable Karoline Mehalchick |
| | : | Honorable MJ Daryl F. Bloom |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:21-cv-01799 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was served upon Mark Spotz (AD4586) at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733.

                                                                                  /s/ Kim Adams
                                                                                  Kim Adams

Date:  February 14, 2024