FILED
HARRISBURG, PA

IN THE UNITED STATES DISTRICT COURT  FEB 21 2024
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
PER _____ J.B.
DEPUTY CLERK

| | | |
|---|---|---|
| Mark Spotz, | : | Civ. No. 1:21-CV-1799 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| V. | : | |
| John Wetzel, et al., | : | (Magistrate Judge Bloom) |
| Defendants | : | |

PLAINTIFF OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiff's obejctions are as follows:

1. Located on page 32 of the Report and Recommendation, Magistrate Judge Bloom held: "Therefore, in our view, Spotz may only recover under the Eighth Amendment for the period between January 22, 2016, and December of 2019 - the month when Spotz was released from solitary confinement."

As the District Court held in Busanet v. Wetzel, this Court should hold that the 2014 DOJ findings letter, which was sent directly to defendant Wetzel, we sufficient to put a reasonable official in Defendant Wetzel's position on notice that "a prisoner known to be seriously mentally ill had a clearly established right to not be placed in solitary confinement for an extended period of time by prison officials who knowingly disregarded the risk of lasting harm posed by such conditions." Busanet v. Wetzel, No. 21-4286, 2023 U.S. Dist. LEXIS 135644, at *41-42 (E.D. Pa. Aug. 4, 2023). Therefore, on this basis, Plaintiff is entitled to recover damages on his Eighth Amendment claim going back to February 24, 2014, when the DOJ letter was sent.

In addition, following the Busanet court's analysis, this Court should hold that Plaintiff can recover damages on his Eighth Amendment claim for the period beginning in 2011, when Defendant Wetzel became DOC

Secretary, because Plaintiff "has pleaded a prima facia deliberate indifference claims dating as far back as Wetzel's 2011 appointment as Secretary of the DOC" and "a well-pled claim of deliberate indifference precludes the application of qualified immunity." Id. at *42-48; see Kedra v. Schroeter, 876 F.3d 424, 450 (3d Cir. 2017); Beers-Capitol v. Wetzel, 256 F.3d 120, 142 n.15 (3rd Cir. 2001).

In the alternative, as this Court held in Lopez v. Wetzel, if framed as the right to adequate treatment for mental illness, the Eighth Amendment right at issue here has been clearly established for decades. Lopez v. Wetzel, no. 21-1819, 2022 U.S. Dist. LEXIS 216091. at *15-18 (M.D. Pa. Nov. 20, 2022).

2. In addition, the Report and Recommendation grants qualified immunity to the Defendants as to the Fourteenth Amenendment procedural due process claim; page 24.

Plaintiff's mental illness provided him with a clearly established liberty interest in avoiding prolonged solitary confinement and the Report and Recommendation erred in failing to even consider mental illness in its liberty-interest analysis.

Respectfully Submitted;

*Mark Spotz*

Mark Spotz, Plaintiff pro se

2-13-2024

CERTIFICATE OF COMPLIANCE

I, Mark Spotz, Plaintiff, pro se, certify that this filing complies with the provisions of the public access policy of the united judicial system of Pennsylvania, case records of the appellate and trial courts that requires filing confidential information and documents differently than non-confidential information and documents.

*Mark Spotz*
Mark Spotz #DA-4586
SCI Phoenix
1200 Mokychic Drive
Collegeville, Pa.
19426


February 13, 2024

PROOF OF SERVICE

I, Mark Spotz, plaintiff, pro se, certify that I have caused the attached document to be served upon defendants at the address and in the manner indicated below.

                                Kim Adams
                                Pa. D.O.C.

1920 Technology Pkwy
Mechanicsburg, Pa.
17050

*Mark Spotz*
2-13-24

Smart Communications/PADOC

SCI- PHOENIX

Name MARK SPOTZ

Number DA4586

~~PO Box 33028~~ 1260 Mokychic Dr
~~St Petersburg FL 33733~~ Collegeville, Pa.
19426

CLERK OF COURT
MIDDLE DIST. OF PENNA.
228 WALNUT ST.
HBG., PA.
17101-1714

RECEIVED
HARRISBURG, PA
FEB 21 2024
PER _____
DEPUTY CLERK

LEGAL MAIL

quadient
FIRST-CLASS MAIL
IMI
$000.64
02/14/2024 ZIP 19426
043M31248366
US POSTAGE