IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SPOTZ | : | Honorable Karoline Mehalchick |
| | : | Honorable MJ Daryl F. Bloom |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:21-cv-01799 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION

Procedural History

Plaintiff, an individual presently sentenced to death and incarcerated by the Commonwealth of Pennsylvania, Department of Corrections at the State Correctional Institution at Phoenix ("SCI-Phoenix") filed a complaint pursuant to 42 U.S.C. § 1983 on October 26, 2021. *See* Doc.401. Named as Defendants are former-Secretary of Corrections John Wetzel and the Pennsylvania Department of Corrections. *Id*.

On May 19, 2024, Defendants filed a Motion to Dismiss, or in the alternative a Motion for Summary Judgement, raising issues of qualified immunity under the Eighth and Fourteenth Amendment, as well as exhaustion and statute of limitations. *See* Doc. 55. On February 1, 2024, the Court issued its Report and Recommendation. *See* Doc. 62. Defendants filed objections of February 14, 2024, to certain findings

reached in the report and recommendation and asked that this Court reject those determinations and grant summary judgment. On February 21, 2024, Plaintiff filed objections to the Report and Recommendation.

## Statement of Alleged Facts

Plaintiff has alleged he was held in solitary confinement under harsh conditions that include a small cell, constant illumination, lack of social interaction, lack of visitation, lack of educational services, lack of organized recreational activities, etc. *See* Doc. 40 at ¶¶29-36. Plaintiff contends he suffers from a variety of medical and mental health disorders and that in combination with the harsh conditions, caused him to experience significant physical pain and exasperated medical and mental issues. *Id*. at ¶¶ 97-101.

Plaintiff contends during the spring of 2018 and December of 2019, while housed at SCI-Greene, some changes were made to the Capital Case Unit (CCU), but that he still suffered from meaningful deprivations. *Id*. at ¶64. Plaintiff alleges these changes could have theoretically led to a marginal improvement in his conditions of confinement, but that these changes were inconsistently implemented. *Id*. at ¶ 65. Plaintiff contends that the harsh conditions endured in solitary confinement until December 3, 2019, when the Department implemented a new policy that repositioned the environment of the CCU. *Id*. at ¶ 70.

Plaintiff made three discrete claims based upon his long-term confinement in the "CCU". First, Plaintiff alleged that his prolonged solitary confinement violated the Eighth Amendment prohibition against cruel and unusual punishment. *Id*. at ¶¶ 102-108. Second, Plaintiff contends that his prolonged solitary confinement violated the Fourteenth Amendment. *Id.* at ¶¶ 109-114. Finally, Plaintiff contends his prolonged solitary confinement violated the American with Disabilities Act ("ADA") and the Rehabilitation Act. *Id.* at ¶¶ 115-128.

<u>Objections to the Report and Recommendation</u>

1. The Court should adopt the Magistrate's Report and Recommendation.

The Report and Recommendation correctly states the Third Circuit has declined to decide "whether inmates who have not been granted resentencing hearings and vacatur have a procedural due process interest in avoiding continued solitary confinement." *Spotz v. Wetzel et al.,* 21-cv-1799 (M.D.Pa. Feb. 1, 2024), *citing Porter v. Pennsylvania Department of Corrections*, 974 F.3d 431, 438 (3dCir. 2020). Furthermore, other cases of a similar fact pattern have not held that death-sentenced inmates challenging prolonged solitary confinement who have not been granted sentencing relief have a liberty interest in avoiding indefinite solitary confinement. *Id.*, *citing Lopez v. Wetzel*, No. 3:21-cv-1819, 2022 WL 17340629 at *7 (M.D.Pa. Nov. 30, 2022), *see also Busanet v. Wetzel,* No. 21-cv-4286, 2023 WL

3

5002573 at *9 (E.D.Pa. Aug. 4, 2023). Therefore, the Court did not err in finding that Defendants are entitled to qualified immunity for Plaintiffs' Fourteenth Amendment claim.

Two cases decided after *Lopez* have found that Plaintiff's right under the Eighth Amendment was clearly established, but established during a specific timeframe. *See Busanet*, 2023 WL 5003573, at *13, *Clark v. Coupe*, 55 F.4th 167, 182 (3dCir. 2022). Therefore, the Court did not err in finding that Plaintiff may only recover under the Eighth Amendment for the period between January 22, 2016 and December of 2019.

## Conclusion

For all the above reasons, it is respectfully requested that this Honorable Court adopt the Report and Recommendation.

Respectfully submitted,

Office of General Counsel

*Kim Adams*
_____
Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimadams@pa.gov

Date:   March 4, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK SPOTZ | : | Honorable Karoline Mehalchick |
| | : | Honorable MJ Daryl F. Bloom |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:21-cv-01799 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing filing was served upon Mark Spotz (AD4586) at Smart Communications/PA DOC, SCI Phoenix, PO Box 33028, St. Petersburg, FL 33733.

　　　　　　　　　　　　　　　　　　　　　　/s/ Kim Adams
　　　　　　　　　　　　　　　　　　　　　　Kim Adams

Date:  March 4, 2024