UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK SPOTZ,<br><br>                        Plaintiff,<br>    v.<br>JOHN E. WETZEL, et al.,<br><br>                      Defendants. | CIVIL ACTION NO. 1:21-CV-01799<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the court in this *pro se* prisoner civil rights lawsuit filed by Mark Spotz ("Spotz") is the Report and Recommendation of Chief Magistrate Judge Daryl F. Bloom ("the Report"), dated February 1, 2024. (Doc. 62) The Report addresses a motion to dismiss, or in the alternative, motion for summary judgment, filed by John E. Wetzel ("Wetzel") and the Pennsylvania Department of Corrections ("DOC") (collectively "Defendants"). (Doc. 54). In the Report, Judge Bloom recommends the motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 62, at 10). Defendants filed a timely objection to the Report on February 14, 2024. (Doc. 63). Spotz filed a timely objection to the Report on February 21, 2024. (Doc. 64). Defendants filed a timely response to Spotz's objections on March 4, 2024. (Doc. 65). Based on the Court's review of the materials, all objections are **OVERRULED.** (Doc. 63; Doc. 64). The Report will be **ADOPTED IN ITS ENTIRETY**. (Doc. 54).

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

Since the Report correctly states the procedural and factual background of this case, it will not be repeated herein. (Doc. 62, at 2-6). Spotz brings the following claims: Count I - Eighth Amendment (conditions of confinement); Count II - Fourteenth Amendment

(substantive and procedural due process, Count III - Americans with Disabilities Act ("ADA"); and Count IV - Rehabilitation Act ("RA"). (Doc. 40, at 13-16; Doc. 62, at 5-6). For the following reasons, Defendants' motion to dismiss Count II, Count III, and Count IV against Wetzel is **GRANTED**. Defendants' motion to dismiss Count I against the DOC is **GRANTED**. Defendants' motion to dismiss Count III and Count IV claims against the DOC is **DENIED**. Defendants' motion to dismiss Count I against Wetzel is **DENIED**.

**II.    LEGAL STANDARDS**

   A.    REVIEW OF A REPORT AND RECOMMENDATION

A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to

which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

    B.    MOTION TO DISMISS STANDARD

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); see also *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

    C.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary

judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid

summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential).

### III. DISCUSSION

As stated *supra*, Spotz's amended complaint alleges four counts, an Eighth Amendment conditions of confinement claim; a Fourteenth Amendment substantive and procedural due process claim; an ADA claim; and an RA claim. (Doc. 40, at 13-16). The Report recommends that the Court grant the motion with respect to Spotz's Fourteenth Amendment claims, his Eighth Amendment claims against the DOC and Wetzel in his official capacity, and the ADA and RA claims against Wetzel in his individual capacity. The Report further recommends that the motion should be denied with respect to the ADA and RA claims against the DOC and Wetzel in his official capacity, as well as Spotz's Eighth Amendment claim against Wetzel in his individual capacity. (Doc. 62).

    A.    ELEVENTH AMENDMENT IMMUNITY[1]

The Report recommends that the DOC and Wetzel are entitled to sovereign immunity under the Eleventh Amendment as to Spotz's § 1983 claims, and therefore those claims should be dismissed as to the DOC and Wetzel. No objection was filed to this portion of the Report, and having satisfied itself that there is no clear error on the face of the record, the Court will adopt this finding and dismiss Spotz's § 1983 claims against the DOC and Wetzel in his official capacity. Further, Spotz's ADA and RA claims against Wetzel in his individual capacity should be dismissed, because, as the Report correctly explains, individual defendants are not liable under the ADA or the RA. (Doc. 40, ¶¶ 10-11; Doc. 55, at 9; Doc. 62, at 12);

---

[1] Judge Bloom considered sovereign immunity *sua sponte*. (Doc. 62, at 11 n.1).

*see Pinckney*, 2023 WL 2652244, at *7 (finding that individuals do not qualify as defendants under the ADA or RA). Accordingly, the Report's recommendation is **ADOPTED**. (Doc. 62, at 12-13). Spotz's § 1983 claims against the DOC and Wetzel in his official capacity are dismissed. Spotz's ADA and RA claims against Wetzel in his individual capacity are dismissed.

### B. Spotz's Fourteenth Amendment Substantive Due Process Claim[2]

The Report recommends dismissing Spotz's Fourteenth Amendment substantive due process claim because it is substantively the same as his Eighth Amendment conditions of confinement claim. (Doc. 62 at 13). "[I]f a constitutional claim is covered by a specific constitutional provision ... the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Here, Spotz's Fourteenth Amendment claim arises out of his prolonged solitary confinement, which is the same as his Eighth Amendment conditions of confinement claim. As such, it is barred by the more-specific-provision rule. No objection was filed to this portion of the Report, and having satisfied itself that there is no clear error on the face of the record, the Court will adopt this finding and dismiss Spotz's Fourteenth Amendment substantive due process claim.

### C. Spotz Properly Exhausted His Administrative Remedies

The Report determined that Spotz properly exhausted his administrative remedies before filing his complaint in this Court. (Doc. 62, at 13-14). Under the Prison Litigation Reform Act ("PLRA"), prisoners must exhaust available administrative remedies before they

---

[2] Judge Bloom considered the More-Specific-Provision Rule *sua sponte.* (Doc. 62, at 13).

may file suit in federal court. 42 U.S.C. § 1997e(a). The PLRA requires proper exhaustion, meaning that plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Exhaustion of administrative remedies in the DOC is governed by the DOC's grievance policy, DC-ADM 804. Under DC-ADM 804, a prisoner must first submit a written grievance with the Facility Grievance Coordinator within fifteen days from the date of the incident. DC-ADM 804 § 1(A)(8). DC-ADM 804 provides that the grievance must "be legible [and] understandable"; "include a statement of the facts relevant to the claim" as well as "the date, approximate time, and location of the event(s) that gave rise to the grievance"; that the prisoner "identify individuals directly involved in the event(s)" and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law"; and that the grievance include "the specific relief sought," including "compensation or other legal relief normally available from a court." DC-ADM 804 § 1(A)(11). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. DC-ADM 804 § 2(A)(1)(a). Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. DC-ADM 804 § 2(B)(1)(b).

The parties dispute whether Spotz exhausted his administrative remedies related to Grievance No. 667940. (Doc. 62, at 16). In Grievance No. 667940, Spotz indicated he was being held in "perpetual solitary confinement in the CCU without adequate medical care."

(Doc. 62, at 16). The grievance referenced Eighth Amendment claims, relevant case law, and according to the Report, "alert[ed] the prison to the nature of the wrong for which redress is sought." (Doc. 62, at 17); *Perez v. Reno*, No. 3:22-CV-01021, 2023 WL 6051258, at *2 (M.D. Pa. Sept. 15, 2023) ("[t]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued."). As the Report notes, "[a]s long as there is a shared factual basis between the two, perfect overlap between the grievance and a complaint is not required by the PLRA." *Perez*, 2023 WL 6051258, at *3. The necessary appeals followed, ending with a final administrative decision on September 17, 2017. (Doc. 55, at 19).

> The Report concluded as follows:
>
> Here, Spotz's grievance and his amended complaint share a factual basis—that he was held in prolonged solitary confinement despite his serious mental health conditions. (Doc. 40 ¶¶ 14-20; Doc. 55-9). Spotz's grievance paperwork also referenced the Eighth Amendment and relevant caselaw discussing the substance of the claims in the amended complaint. Accordingly, in our view, Spotz "alert[ed] the prison to the nature of the wrong for which redress is sought.
>
> (Doc. 62, at 17)

Additionally, the Report notes "[b]ecause we find this to be a close call, and we are mindful of the Third Circuit's "strong policy in favor of deciding cases on the merits, we recommend that the defendants' motion to dismiss on exhaustion grounds be denied." (Doc. 62, at 17-18); *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 137 (3d Cir. 2019) (finding that the Third Circuit prefers to hear cases on their merits).

The DOC objects to the Report's finding on this issue. (Doc. 63, at 5-6). However, at this early stage of the litigation, the Court agrees with the Report's sound finding that Grievance 667940 was sufficiently pled and exhausted within the DOC's administrative

9

system. (Doc. 62, at 17.) Even the Defendants' objection appears to admit that Grievance 667940 was properly exhausted. (Doc. 63, at 8 n.3). Accordingly, the Report's recommendation that the motion to dismiss on exhaustion grounds be denied is adopted, and Defendants' motion on the issue of exhaustion of administrative remedies is **DENIED**. (Doc. 55, at 15-21; Doc. 62, at 17-18).

D. SPOTZ'S CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS

The Report determined that the statute of limitations does not bar Spotz's claims.. (Doc. 62, at 19-20). Generally, "[i]n Pennsylvania, claims brought under § 1983, the ADA, and the RA are subject to a two-year statute of limitations." (Doc. 62, at 18); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The Report determined that the continuing violation doctrine was applicable to Spotz's claims in this case. (Doc. 62, at 18); *West*, 45 F.3d at 754. The continuing violation doctrine applies "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir.1991).

Spotz alleges the wrongful solitary confinement occurred between 1995 and December 3, 2019. (Doc. 40, ¶¶ 20, 61). The Report found that December 3, 2019 was when his solitary confinement actually ceased. (Doc. 62, at 19). The Report further determined that the statute of limitations was tolled until that date, putting the original filing date of this action, October 2021, within the two-year statute of limitations. (Doc. 62, at 19). In reaching this conclusion the Report relied on a case from the Eastern District of Pennsylvania, *Busanet v. Wetzel*. In *Busanet*, the court applied the continuing violation doctrine to the claims of a plaintiff held in

solitary confinement between March 1999 and December 2019, but ultimately not filing suit until September 2021. 2023 WL 5003573, at *6 (E.D. Pa. Aug. 4, 2023); (Doc. 62, at 19). The Court agrees with the Report that *Busanet* is persuasive. As Spotz was held in solitary confinement until December 2019, even if the policy changed at that time, the statute of limitations would not have run for two years from that date. *See Williams v. Wetzel*, 2022 WL 2869316 (E.D. Pa. 2022).

Accordingly, the Report's recommendation that the statute of limitations does not bar Spotz's claims is adopted. (Doc. 62, at 19-20). Defendants' motion to dismiss Spotz's amended complaint on statute of limitations grounds is denied. (Doc. 55, at 21-31; Doc. 62, at 19-20).

E.   QUALIFIED IMMUNITY

The Report recommends that Wetzel be granted qualified immunity as to Spotz's Fourteenth Amendment Due Process claim but not as to Spotz's Eighth Amendment claim. (Doc. 62, at 23). The qualified immunity doctrine protects government officials from liability for civil damages "in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Courts consider two prongs when determining whether an official is entitled to qualified immunity: "(1) whether the official violated a constitutional right; and (2) whether the right was clearly established." *McAndrew v. Northumberland Cnty.*, No. 4:22-CV-00834, 2023 WL 408905, at *6 (M.D. Pa. Jan. 25, 2023). A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The Supreme Court has stated that this standard does not require a case directly on

point but requires that 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Redclift v. Schuylkill Cnty.*, No. CV. 4:21-CV-1866, 2022 WL 3951356, at *11 (M.D. Pa. August 22, 2022) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)).

As to the Fourteenth Amendment procedural due process claim, the Report determined that the Third Circuit has "yet to hold that death sentenced inmates challenging prolonged solitary confinement who have not been granted sentencing relief… have a liberty interest in avoiding indefinite solitary confinement." (Doc. 62, at 24); *Lopez v. Wetzel,* 2022 WL 17340629 at *7 (M.D. Pa. 2022) (declining to decide whether there is a procedural due process interest in avoiding continued solitary confinement); *see also Busanet,* 2023 WL 5003573, at *9. Without a clearly established right, Wetzel is entitled qualified immunity on Spotz's Fourteenth Amendment procedural due process claim, and the Report will be adopted. (Doc. 62, at 23-24).

As to the Eight Amendment conditions of confinement claim, the Report recommended that Wetzel be denied qualified immunity. (Doc. 62, at 32). Relying on *Clark v. Coupe*, 55 F.4th 167, 180 (3d Cir. 2022), the Report determined that there was a clearly established right of an inmate with a known history of mental illness to not be held in prolonged solitary confinement. This Court agrees, and like the Report, finds the DOC's reliance on *Williams* and *Porter* misplaced. As such, the Court will adopt the Report as to its finding that Wetzel is not entitled to qualified immunity on the Eighth Amendment Claim. The Report further found that the Eighth Amendment claim is only recoverable for the period between January 22, 2016 (when *Clark* determined the right was clearly established) through December 2019, when Spotz was released from solitary confinement. The Court agrees with

this sound reasoning and will adopt it here. Accordingly, the Report's recommendation that Spotz is entitled to pursue his Eighth Amendment Violation against Wetzel in the period between January 22, 2016 – December 2019 is adopted. (Doc. 62, at 32).

## IV. CONCLUSION

Based on the foregoing, the Report will be **ADOPTED IN ITS ENTIRETY**. (Doc. 62). Defendant's Objections will be **OVERRULED**. (Doc. 63). Plaintiff's objections will be **OVERRULED**. (Doc. 64). Defendants' motion to dismiss will be **GRANTED in part** and **DENIED in part**. (Doc. 54). An appropriate Order follows.

BY THE COURT:

Dated: September 18, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**