**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARK SPOTZ | : | Honorable Judge Mehalchick |
| | : | Honorable MJ Daryl Bloom |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:21-cv-01799 |
| | : | |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | Filed Via Electronic Case Filing |

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE SEPTEMBER 27, 2024, ORDER ADOPTING
THE REPORT AND RECOMMENDATION IN FINDING PLAINTIFF
PROPERLY EXHAUSTED HIS CLAIMS UNDER THE PRISON LITIGATION
REFORM ACT

Relevant Procedural History

On October 21, 2021, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA"). See Doc. 1. An Amended Complaint was filed on December 19, 2022. See Doc. 40. On February 18, 2022, Defendants filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment and Brief in Support. See. Docs. 54 and 55. On October 24, 2023, Plaintiff filed a Brief in Opposition to Defendants' Motion to Dismiss or in the alternative a Motion for Summary Judgment. See. Doc. 61.

1

On February 1, 2024, Magisterial Judge Bloom issued a Report and Recommendation. <u>See</u>. Doc. 62. On February 14, 2024, Defendants filed Objections to the Report and Recommendation. <u>See</u>. Doc. 63. On February 21, 2024, Plaintiff filed Objections to the Report and Recommendation, which Defendants responded to on February 29, 2024. <u>See</u> Docs. 64 and 65. On September 18, 2024, Judge Mehalchick issued an Order and Memorandum, Adopting the Report and Recommendation as to Plaintiffs Eighth Amendment and statutory claims, and Granted Defendants Motion to Dismiss as to the Fourteenth Amendment claim with prejudice. <u>See</u>. Docs. 67 and 68.

In their Objections, Defendants raised the issue the Plaintiff did not properly exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) prior to filing the lawsuit, namely the grievance filed by plaintiff related to the underlying claims in the Complaint was exhausted four years prior to filing the lawsuit. <u>See</u> Doc. 55. The Court found that Plaintiff properly exhausted his claims, but did not address Defendants argument that while he exhausted the claims in 2017, he did not file the Complaint within two years later, as required by the statute of limitations. <u>See</u> Doc. 63.

Defendants seek reconsideration to correct a clear error of law with regard to whether an inmate who has grieved an issue under the PLRA can file suit outside of the applicable statute of limitations. See <u>Howard Hess Dental Laboratories Inc. v.</u>

Dentsply Intern., Inc., 602 F.3d at 251 (citing Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Defendants are submitting this accompanying brief in support of their argument.


## Statement of Questions Presented[1]

1.      Should this Court grant Defendants' Motion for Reconsideration and vacate the September 17, 2024, Order to the extent that it found Plaintiff properly exhausted his claims prior to filing of the Complaint, as he filed the lawsuit outside the applicable statute of limitations period.

## Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See Howard Hess Dental, 602 F.3d at 251 (citing Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

---

[1] The question presented is respectfully requested to be answered in the affirmative.

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked.... It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotation marks omitted). Further, a party cannot use a motion for reconsideration as a second bite at the apple; "a motion to reconsider may not raise new argument that could have (or should have) been made in support of or in opposition to the original motion." R & B, Inc. v. Needa Part Mfg., Inc., CIV.A. 01-1234, 2005 WL 3054595, at *1 (E.D. Pa. Nov. 15, 2005).

<u>Argument</u>

2.  This Court should grant Defendants' Motion for Reconsideration and vacate the September 17, 2024, Order to the extent that it found Plaintiff properly exhausted his claims prior to filing of the Complaint, as he filed the lawsuit outside the applicable statute of limitations period.

Defendants seek reconsideration to correct a clear error of law with regard to the application of the Prison Litigation Reform Act ("PLRA") to this case. Howard Hess Dental, 602 F.3d at 251 (citing Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Specifically, Defendants contend this Court misapplied the law, as it erroneously found grievance number 667940, which was fully exhausted on July 17, 2017, could be used to file suit four years after the fact on October 26, 2021.

The (PLRA) provides, in pertinent part, as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Application of this section is mandatory. *See*, *Porter v. Nussle*, 534 U.S. 516 (2002).

In *Ross v. Blake*, the United States Supreme Court reiterated the exhaustion requirement and rejected a special circumstances exception created by the courts *See, Ross v. Blake*, 136 S.Ct. 1850 (2016). Unexhausted claims may not be considered by the courts. *Jones, supra*.

Claims brought under Section 1983, Title II of the ADA and the RA are subject to a two-year statute of limitations. Because Section 1983 does not itself contain a statute of limitations, "federal courts must look to the statute of limitations governing analogous state causes of action." *Urritia v. Harrisburg County Police Department*, 91 F.3d 451, 457 n.9 (3d Cir. 1996); *see also Sameric Corp. of Delaware v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). In determining which state limitations period to use in federal civil rights cases, we look to the general, residual statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985).

The same is true for claims brought under Title II of the ADA and the RA. *See Hall v. Minner*, 411 Fed. App'x 443, 445 (3d Cir. 2011) ("The statute of limitations applicable to claims under Title II of the ADA…is the statute of limitations for personal injury actions in the state in which the trial court sits."); *see North Star Steel Co. v. Thomas*, 515 U.S. 29, 33–34, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995); *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055 (8th Cir.2003) (noting that "most Courts of Appeal[s]…have applied the state statute of limitations for personal injury actions to claims under the Rehabilitation Act and the ADA"); *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409–10 (11th Cir.1998); *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir.1996); *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir.1993); *Morse v. Univ. of Vermont*, 973 F.2d 122, 127 (2d Cir.1992); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir.1992); *cf. Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 223–25 (4th Cir.1993).

Thus, for Section 1983, ADA and RA claims originating in Pennsylvania, courts look to 42 Pa. C.S. § 5524, which provides that the statute of limitations for a personal injury action is two years. *See Getchey v. County of Northumberland*, 120 Fed. Appx. 895, 897-98, 2005 WL 22871 at *1-2 (3d Cir. 2005); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) (applying the Pennsylvania two-year statute of limitations to a claim alleging violation of plaintiff's federal civil rights); *Bougher*

*v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989); *Knoll v. Springfield Township School District*, 763 F.2d 584 (3d Cir. 1985).

In the adoption of the report and recommendation, this Court found Plaintiff properly exhausted his claims by filing grievance number 667940. *See* Doc. 67. However, grievance number 667940 was filed and properly exhausted[2] under the Department's policy, DC-ADM-804, on July 17, 2017. *See* Doc. 55, Exhibit 7.

Defendants, in their brief in support for summary judgment, argued that if the Court should find that Plaintiff exhausted his Eighth Amendment claim based on grievance number 667940, under the applicable statute of limitations, Plaintiff would have had to file the lawsuit by July 17, 2019. *See* Doc. 55; *Getchy*, *supra*. Since Plaintiff did not file his Complaint until October 21, 2021, he is outside the statute of limitations to bring the lawsuit. *Id.*

Despite raising this issue in their objections, the Court failed to address this issue. For the reasons set forth below, grievance number 667940 cannot be used to establish Plaintiff exhausted his claims prior to filing his Complaint on October 21, 2021.

Defendants are not aware of any cases in the Circuit that apply the continuing violations doctrine to "excuse[ ] compliance with the PLRA exhaustion

---

[2] In order to properly exhaust, prisoners must complete the administrative review process in accordance with the applicable procedural rules of the prison grievance process. See, Jones v. Bock, 549 U.S. 199 (2007).

requirement", or rather "than 'excuse' compliance, the continuing violations doctrine uses the earlier grievance to encompass future claims, so as to 'satisfy' the PLRA's exhaustion requirement". *See Alexis v. Connors*, No. 18-2099, 2023 WL 4525959 at *7 (D.N.J. July 13, 2023), *affirmed and modified*, 2024 WL 3534480 (3d Cir. 2024), *citing Whitenight v. Ebel*, No. 16-522 2019 WL 7284251 at *4 (W.D. Pa. Dec. 27, 2019); *see Obataiye v. Lanigan*, No. 14-5462 2019 WL 4272943, at *5 (D.N.J. Sept. 27, 2019)(noting that even if plaintiff "had filed earlier grievances, it is unclear that such grievances regarding claims that necessarily fell before statute-of-limitations cutoff could functions to exhaust administrative remedies as to subsequently accruing claims.").

Courts in this circuit "have shown a clear 'reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the [PLRA] requires'." *Id.* *quoting Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *Fonesca v. Berdanier*, No. 19-1427, 2021 WL 916202 at *3 (M.D. Pa. Mar. 10, 2021); *see also Downey v. PA Dep't of Corr.,* 968 F.3d 299, 305 (3dCir.2020)("Both the Supreme Court and this Court have rejected judge-made exceptions to the PLRA.").

As the District Court of New Jersey noted in *Alexis*,

> "Some Courts of Appeal, however, have applied the continuing violations doctrine in the exhaustion context and held that where there is " 'one, continuing harm' or a single course of conduct (which can lead to discrete incidents of harm), filing repeat grievances is unnecessary." *See Morgan v. Trierweiler*, 67 F.4th 362, 369–70 (6th

Cir. 2023) (quoting *Siggers v. Campbell*, 652 F.3d 681, 693 (6th Cir. 2011)); *Turley v. Rednour*, 729 F.3d 645, 649–50 (7th Cir. 2013); *Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218–19 (11th Cir. 2010); *Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008); *Johnson v. Johnson*, 385 F.3d 503, 519–21 (5th Cir. 2004). In those cases, the Courts inquired as to whether the "the same condition of confinement" at issue in the prisoners' grievances had "continued." *Morgan*, 67 F.4th at 370 (quoting *Johnson*, 385 F.3d at 520). Under these cases, "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley*, 729 F.3d at 650 (citing *Parzyck*, 627 F.3d at 1219 (finding that the prisoner was "not required to initiate another round of the administrative grievance process on the exact same issue each time" a deprivation occurred))."

*Id.* at 8*.

The cases in which the continuing violations doctrine has been applied by other Courts of Appeals in the exhaustion context can be distinguished from Plaintiff's case. Namely, these cases were filed within the statute of limitations period of the exhausted grievance, not four and half years after the grievance was filed, which is outside Pennsylvania's two-year statute of limitations period, as was done in this Action.

In *Morgan*, the plaintiff filed his grievance on September 18, 2016, and his Complaint on December 18, 2018, which was within the three-year statute of limitations period for Michigan. *Morgan* 67 F.4ᵗʰ at 364-65; *see Heard v. Strange*, 2023 WL 3988410 at * 3 (E.D. Mich. Mar. 1, 2023). In *Turley*, the plaintiff filed his grievance in February of 2009 and his lawsuit in October of 2010, which was within

the two-year statute of limitations period for Illinois. *Turley*, 729 F.3d at 648-650. In *Johnson*, the plaintiff filed grievances on March 18, 2001, and December 30, 2001, and his lawsuit in April of 2002, which was within the two-year statute of limitations period for Texas. *Johnson*, 385 F.3d at 512-513, *see Wendell v. Asher*, 162 F.3d 887 at 892 (5thCir.1998). In *Parzyck*, the plaintiff filed his grievance in November of 2006 which was denied on March 13, 2007, and his Complaint on May 17, 2007, which was within the four-year statute of limitations period for Florida. *Parzyck* 627 F.3d at 1218; *see Howard v. Coonrod*, 546 F.Supp.3d 1121, 1130 (M.D. Fl. June 25, 2021). Finally, in *Howard*, the plaintiff's grievance process ended in February of 2006, and he filed his Complaint on February 8, 2006, which was within Colorado's two-year statute of limitations period. *Howard*, 534 F.3d at 1232-34, *see Pinson v. Pacheco*, 2011 WL 1755888 at * 4 (D.Col. Mar. 16, 2011).

The above cited cases appear to stand for the principle that if an inmate exhausted the "one, continuing harm" or a "single course of conduct" within the statute of limitations period, the inmate was not required to continually grieve the same issue every day, fifteen days, or month to exhaust his claim. *Morgan*, 67 F.4th at 369; *Johnson* 385 F.3d at 520-21. None of these cases address the implied finding of the adopted Report and Recommendation, that once a grievance is properly exhausted, an inmate can disregard the two-year statute of limitations period and file

a lawsuit at any time as long as there was a continuing violation. *See* Doc. 62 and 67.

Plaintiff fully exhausted his administrative remedies for grievance number 667940 on July 17, 2017, accordingly "[t]he two-year statute of limitations for this claim thus began to run on the date he exhausted those remedies", requiring his Complaint be filed by July of 2019[3]. *See* 42 Pa.C.S. § 5524, *Pearson v. Secretary Dept't of* Corrections 755 F.3d 598 (3dCir.2015); Bullock *v. Buck*, 611 Fed.Appx. 744, 746-47 (3d Cir.2015). Plaintiff did not file his Complaint until October 26, 2021, well outside the two-year statute of limitations, thus he is time-barred from bringing a civil action based on the conduct challenged in the grievance. *Bullock*, 611 Fed App. 746-47.

Since Plaintiff's claims from 2017 are time barred, he was required to properly exhaust his claims related to subsequent actions of the Defendants prior to filing the lawsuit on October 26, 2021, which he failed to do. Plaintiff did not properly exhaust any grievances related to the claims asserted in this action at any time after 2017. The Department's administrative remedies were available to Plaintiff under DC-ADM 804, as he properly exhausted several complaints - none of which relate to the

---

[3] Plaintiff filed grievance number 798319, which briefly mentioned the ADA when Plaintiff was seeking a legal aid, but this grievance was fully exhausted on July 3, 2019. As argued in their brief in support by Defendants, this grievance did not allege specific violations under the ADA and RA. *See* Doc. 55.

claims brought in this lawsuit after grievance number 667940. *See* Doc. 55, Exhibit 3. Compliance with Section 1997(e) is mandatory, and Plaintiff cannot use grievance number 667940 to encompass future claims, so as to 'satisfy' the PLRA's exhaustion requirement." *Alexis, supra.*

Therefore, Plaintiff failed to properly exhaust his administrative remedies prior to filing of the lawsuit, and to find otherwise would be a clear violation of law. *Howard Hess Dental*, supra.

<u>Conclusion</u>

Defendants respectfully request that to the extent the Order of September 17,

2024, adopted the Report and Recommendation finding Plaintiff failed to properly

exhaust his claims prior to filing suit on October 26, 2021.


Respectfully submitted,

Office of General Counsel

*Kim Adams*
_____
Kim Adams, Assistant Counsel
Attorney ID No.: 205848
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
Phone No.: (717) 728-7763
Fax No.: (717) 728-0307
E-mail: kimbadams@pa.gov

Date:   September 26, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK SPOTZ                                :    Honorable Judge Mehalchick
                                          :    Honorable MJ Daryl Bloom
      Plaintiff               :
                                          :
   v.                                   :    No. 1:21-cv-01799
                                          :
JOHN WETZEL, et al.,                      :
                                          :
      Defendants               :    Filed Via Electronic Case Filing


## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct

copy of the foregoing Brief in Support upon:

    Mark Spotz (DA4586)
    Smart Communications/PA DOC
    SCI Phoenix
    PO Box 33028
    St. Petersburg, FL 33733;


                                    ___/s/ *Kim Adams*
                                    Kim Adams


Dated: September 26, 2024